O’NIELL, Chief Justice.
 

 In 1937, Jasper S. Brock, who was then state bank commissioner and ex officio su
 
 *312
 
 pervisor of homestead and building and loan associations, appointed William E. Wood as special agent to assist him as liquidator of the Thrift Homestead Association and of several other homestead or building and loan associations then in liquidation. At the same time Brock appointed two attorneys at law, namely, Charles J. Rivet and- Louis H. Yarrut, as attorneys for the liquidator. Brock went out of office and was succeeded by Wilfred J. Begnaud on June 2, 1940. On August 6, 1940, Begnaud appointed Ambrose M. Smith to succeed Wood as special agent, and on September 6, 1940, appointed Messrs. Harry R. Cabral and James E. Courtin to succeed Messrs. Rivet and Yarrut as attorneys for-the liquidator of the Thrift Homestead Association and the other homestead and building and loan associations then in liquidation. Wood was paid up to July 1, 1939, for his services as special agent, and Messrs. Rivet and Yarrut were paid up to that date for the feés they had earned as attorneys for the liquidator. This case is a dispute over the compensation claimed by Wood for services rendered from July 1, 1939, to August 6, 1940, and for the fees claimed by Messrs. Rivet and Yarrut for services rendered by them from July 1, 1939, to September 6, 1940. Wood claimed and was allowed by the judgment of the court $2,500, and Messrs. Rivet and Yarrut claimed and were allowed by the judgment of the court $7,500, less a credit of $1,443.-40 paid on account, or $6,056.60 net. Begnaud, as liquidator, is appealing from both judgments.
 

 The only question now before the court is whether the judge before whom these suits were tried was right in sustaining certain objections made by the attorneys for Messrs. Rivet and Yarrut — and for Wood — to the. admissibility of certain evidence offered by the liquidator in defense of the suits. The attorneys for the liquidator set up in their briefs an alternative plea that the amount of each judgment should be reduced if the court should not agree with them 'that the evidence which they offered on the trial of the suits — and which the judge excluded on the defendant’s objection- — -was admissible. But, at the close of the argument in this court, the attorneys for the appellant formally conceded that, if the court should affirm the rulings excluding the evidence which they had offered on the trial of the suits, the judgments appealed from should be affirmed, as far as the amounts were concerned. This concession was made advisedly, because the evidence is convincing — and is not disputed or discredited in any way — that the services rendered by the appellees were worth all that they have been allowed.
 

 On the trial of the suits the attorneys for the liquidator offered in evidence a letter written by Messrs. Rivet and Yarrut to the former bank commissioner, Jasper S. Brock, dated March 11, 1938, proposing a schedule of fees to be charged by the attorneys and the special agent in the liquidation of five building and loan associations, which were being liquidated. The Thrift Homestead Association was not one of them. The theory of the attorneys for the liquidator is that the letter should control the court in fixing the fees of the attorneys and the special agent for the for
 
 *314
 
 mer liquidator, in this case. We affirm the ruling that the proposal or agreement of the attorneys and the special agent for the liquidator in the liquidation of the five other homestead or building and loan associations, with regard to the compensation or fees to be paid to the attorneys and the special agent, has little or nothing to do with the fixing of the compensation or fees to be paid to the attorneys and the special agent for their services in the liquidation of the Thrift Homestead Association. The letter which was offered in evidence, however, is in the record, and is copied in the briefs for the appellant; and if we should give it all of the effect that it could have in shedding light upon the value of the services rendered by the attorneys and the special agent for the liquidator in this instance it would not affect either of the judgments appealed from. There would be no reason therefore why the case should be remanded for the purpose of receiving the letter in evidence if we should consider it relevant.
 

 The appellant complains of only one other ruling on the question of admissibility of evidence offered by him. Ambrose M. Smith, the newly appointed special agent for the liquidator, being called as a witness in this suit of Messrs. Rivet and Yarrut, was asked by one of the attorneys for the liquidator whether he, Smith, was the special agent for the liquidator in the liquidation of the Thrift Homestead Association, and having answered in the affirmative, was asked this question: “What is the amount distributed both to stockholders and to creditors during the period from the beginning of the liquidation through September 6, 1940 ? ” The attorney for Messrs. Rivet and Yarrut objected on the ground that the suit was for services rendered between July 1, 1939, and September 6, 1940, and therefore that any distribution made previous to July 1, 1939, was irrelevant. The objection was argued by counsel on both sides, and the judge ruled — correctly—that the question should be confined to the amount which had been made available for distribution during the period from July 1, 1939, to September 6,. 1940. The attorneys for the liquidator then announced that they had no further questions. The incident was repeated when Smith was testifying in the suit of William E. Wood, the former special agent. Smith was asked by one of the attorneys for the liquidator: “What was the amount expended for distribution both to creditors and to stockholders during the period from the beginning of the liquidation through August 6, 1940?” There was the same objection by the attorney for Williaiú E. Wood, the same ruling by the court, and again the attorney for the liquidator announced that he had no further questions. The attorney acknowledged in his argument before the supreme court that he. understood at the time when the ruling was made in the civil district court that he was at liberty to go as far as he saw fit to go in questioning the witness, Smith, on the amount available for distribution — or even on the amount actually distributed' — during the period under investigation — subsequent to July 1, 1939. Obviously, the attorneys for the liquidator had no desire to pursue the questioning of the witness, Smith, on the subject of the
 
 *316
 
 amount available for distribution — or on the amount distributed — after July 1, 1939. Therefore the ruling, aside from being strictly correct, was harmless.
 

 The appellees - have filed an answer in this court praying for damages for a so-called frivolous appeal. Only in very rare and exceptional cases has this court allowed damages for a so-called frivolous appeal, — or one which is taken only for the purpose of gaining delay. The reason for that is not only that the right of appeal is highly favored by the courts, but also that the lawyers representing appellants are among the best exemplifications that hope springs eternal in the human breast.
 

 The judgments appealed from are affirmed.
 

 McCALEB, J., takes no part.
 

 ROGERS, J., absent.